UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WINDY J. WOLF,<br><br>　　　　　Plaintiff,<br><br>　-v-<br><br>I.C. SYSTEM, INC.,<br><br>　　　　　Defendant. | CASE NO.: 4:20-cv-00093<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Windy J. Wolf, for her Complaint against I.C. System, Inc. ("Defendant"), states:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), stemming from Defendant's unlawful collection practices as described in this Complaint, *infra*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Indiana.

### PARTIES

4. Plaintiff, Windy J. Wolf ("Wolf"), is a natural adult person residing in Rensselaer, Indiana, and is a "person" and "consumer" as those terms are defined and/or used within the FDCPA.

5. Defendant, I.C. System, Inc., is a Minnesota corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mail and phone to collect, or attempt to collect, delinquent consumer accounts.

6. In its communications to consumers, Defendant identifies itself as a "debt collector."

7. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

8. At all times relevant to this action, Defendant acted through its agents, representatives, employees, officers, directors, successors, assigns, principals, trustees, sureties and/or insurers.

FACTS SUPPORTING CAUSES OF ACTION

9. As Wolf was reviewing her credit reports, she discovered an entry bearing Defendant's name reporting a consumer debt originally owed to *AT&T DirecTV* in an active collection status (the "Debt"). Relevant pages from Wolf's Experian credit report, dated November 25, 2020, are attached to this Complaint as Exhibit A.

10. Wolf also discovered that Defendant had updated its furnishing of the Debt to Experian as recently as November 22, 2020. *See* Exhibit A.

11. Wolf did not recognize the Debt as belonging to her.

12. Wolf's credit report also represented that the Debt would remain on her record until July 2021. *See* Exhibit A. Upon information and belief, as a collection account remains on a consumer report for seven (7) years beginning on the date that the underlying debt first became delinquent, the Debt fell into delinquency in or around July 2014. *See* Exhibit A; *see also* 15 U.S.C. § 1681c.

13. On or around November 25, 2020, Wolf accessed Defendant's website / payment portal to ascertain additional information concerning the collection account appearing her credit report

and the debt Defendant was attempting to collect from her. Screenshots of Defendant's webpages accessed by Wolf are attached to this Complaint as Exhibit B (collectively, the "Portal").

14. During Wolf's access to the Portal, Defendant identified itself to Wolf as a "debt collector" attempting to collect upon a "debt."

15. Defendant attempted to collect the Debt from Wolf during her accessing of the Portal. *See* Exhibit B.

16. The applicable statute of limitations for the Debt states, in relevant part:

> An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues.

*See* I.C. § 34-11-2-9.

17. Thus, given the applicable six (6) year statute of limitations and the fact that the Debt fell into delinquency beginning in July 2014, as of November 25, 2020, the date Wolf accessed the Portal, the Debt was a time-barred debt, *i.e.*, it fell outside the statute of limitations.

18. Despite the time-barred status of the Debt, at no point during Wolf's access to the Portal did Defendant disclose or explain to Wolf that the Debt was time-barred and/or that Defendant (or anyone else) could not sue her to collect it.

19. Despite the time-barred status of the Debt, at no point during Wolf's access to the Portal did Defendant disclose or explain to Wolf that by paying, or even just agreeing to pay, any portion of the Debt, or merely acknowledging the Debt as valid, it could have the effect of reviving the statute of limitations as to the Debt, subjecting Wolf to renewed legal liability for full balance of the Debt.

20. During Wolf's access to the Portal, Defendant represented to Wolf that it was entitled to collect a "Convenience Fee" from her in the amount of $15.00 if she chose to make a payment on the Debt via the Portal (the "Convenience Fee").

21. The Convenience Fee is not expressly authorized pursuant to any underlying contract between Wolf and *AT&T DirecTV*.

22. After a reasonable time to conduct discovery, Wolf believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

23. In conjunction with Defendant's adverse credit reporting concerning the Debt, Plaintiff was confused and misled by Defendant during her access to the Portal.

24. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her on time-barred debt(s) and ultimately cause unwarranted harm to her credit or otherwise harm her financially.

25. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Debt from her.

26. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

27. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this Complaint.

GROUNDS FOR RELIEF

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f and f(1)*

28. All prior paragraphs are incorporated into this count by reference.

29. The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10).
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. §§ 1692f and f(1).

30. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f via its representations and omissions directed to Plaintiff on the Portal, in conjunction with its November 22, 2020 adverse credit reporting concerning the Debt, by omitting any disclosure(s) whatsoever to Plaintiff concerning the time-barred status of the Debt, namely, that Plaintiff could no longer be sued in connection with the Debt and/or that any partial payment she made towards the Debt would revive the applicable statute of limitations as to the entire balance of the Debt.

31. Defendant knew, or should have known, that the applicable statute of limitations to collect the Debt had expired, yet failed to provide disclosure of same – and/or the legal implications of same – to Plaintiff.

5

32. Plaintiff was unable to adequately determine the character and legal status of the Debt based upon Defendant's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or agreeing to make, a payment on the Debt.

33. Defendant's representations and/or omissions directed to Plaintiff on the Portal served only to confuse and mislead Plaintiff into waiving her rights and affirmative defenses under the law by making an online payment.

34. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without having the effect of misleading or deceiving the consumer.

35. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f and f(1) by representing to Plaintiff that she would be assessed the Convenience Fee if she chose to make a payment on the Debt via the Portal. Defendant's assessing of the Convenience Fee is not authorized per contract, statute or otherwise and, therefore, Defendant was not legally entitled to collect it from Plaintiff. For Defendant to represent otherwise to Plaintiff, as reflected in the Portal, constitutes a false, deceptive and/or misleading representation to the extent it stated and/or implied that Defendant could legally collect such money from Plaintiff.

36. As set forth in paragraphs 23 through 27, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Windy J. Wolf, respectfully requests that this Court enter judgment in her favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

d) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 4th day of December, 2020.    Respectfully Submitted,

  /s/ Geoff B. McCarrell  
Geoff B. McCarrell #0086427  
David S. Klain #0066305  
CONSUMER LAW PARTNERS, LLC  
333 N. Michigan Ave., Suite 1300  
Chicago, Illinois 60601  
(267) 422-1000 (phone)  
(267) 422-2000 (fax)  
geoff.m@consumerlawpartners.com

*Attorneys for Plaintiff, Windy J. Wolf*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

  /s/ Geoff B. McCarrell  
Geoff B. McCarrell #0086427  
CONSUMER LAW PARTNERS, LLC